THE MISSOURI, KANSAS & TEXAS RAILWAY COMPANY V. FLORELLA TAYLOR.

No. 14,572.    (85 Pac. 528.)

SYLLABUS BY THE COURT.

1. RAILROADS—*Injury to Licensee.* A person while upon premises occupied and controlled by an elevator company, with its consent and for the purpose of transacting business with it, is not a trespasser as to a railway company that owns the land upon which the elevator building stands.

2. ——— *Contributory Negligence.* When a railway company negligently inflicts injuries upon a person situated as above stated, while such person is exercising ordinary care, it cannot avoid liability therefor on the plea of contributory negligence.

Error from Montgomery district court; THOMAS J. FLANNELLY, judge.    Opinion filed April 7, 1906.    Affirmed.

*John Madden,* and *W. W. Brown,* for plaintiff in error.

*Osborn & Osborn,* for defendant in error.

The opinion of the court was delivered by

GRAVES, J.: The Missouri, Kansas & Texas Railway Company, while placing a car of grain on its switch-track, at an elevator in Coffeyville, Kan., knocked a grain chute down, which fell upon James W. Taylor and injured him so that he died. His widow sued the company for damages, and recovered a judgment in the district court of Montgomery county for $3000. The defendant brings the case here for review. A demurrer to the evidence was overruled; and, the defendant having no testimony, the case went to the jury on the evidence of the plaintiff alone.

The plaintiff in error has assigned several errors, but its argument is confined almost entirely to a failure of proof, and contributory negligence.

The facts necessary to an understanding of the case are in substance as follow: The Rea-Patterson Milling Company owns the elevator, and the railway company is the owner of a switch-track upon which cars loaded with grain may be taken to the elevator to be unloaded. When a loaded car is run up to the elevator it is the duty of the milling company to see that it is unloaded. It does not appear from the evidence whether the elevator building occupies ground belonging to the railway company or not, but it may be inferred from the averments of the petition, which should perhaps be considered as admissions of the plaintiff equivalent to proof, that it stands upon the defendant's right of way, the elevator company having permission to use all the ground necessary for the purposes of its business. The elevator stands upon a foundation wall

which is strengthened with brick piers, about three feet across at the ground and eighteen inches at the top, and which extend from eighteen inches to two feet out from the wall of the building.

The deceased prior to his death had been for about two months in the habit of coming to the elevator and assisting the men engaged in unloading wheat by sweeping out the cars, for which he received whatever grain he might find, the amount of which ranged in quantity from a bucketful to a half-bushel to the car. At the time of the injury he was engaged with an employee of the elevator company in unloading a car. While so employed it became necessary to move the car to permit the placing of another. While this was being done the deceased was requested to get off of the car, which he did. After getting out he stood against the elevator, between it and the switch-track, and west of, and near, one of the brick piers to the foundation wall. While so situated he would be about three feet from a car passing on the switch-track. The loaded car, which was being pushed in on the switch-track, had a heavy iron step hanging under it, which was bent out of proper position so that it extended several inches beyond the car. The car was run down to the elevator at a speed of about ten miles an hour, and as it passed the elevator this step struck the chute and knocked it over against and upon the deceased, whereby he was killed.

It is contended that the deceased was a trespasser upon the defendant's premises, and that as the injury was not inflicted wantonly there can be no recovery. It appears that he was standing at the time of the injury within the line of the foundation walls of the elevator, and on ground which the elevator company occupied and controlled. He was there by permission of the managers of that company, for the purpose of performing duties in which both were interested, the company being interested in having the car cleaned and

the deceased in securing the grain therefor.    Under ordinary circumstances he was in a place of perfect security.   He had no reason to suspect danger.   He was rightfully there.

The jury returned special findings of fact, among which were the following:

"Ques. Was James W. Taylor at the time of the injury a trespasser on the ground that he was occupying at the time that he was injured?   Ans. No.

"Q.  State from whom he obtained a right to occupy the ground.   A.   Rea-Patterson Milling Company's foreman."

Under the facts shown we do not think the deceased can fairly be held to have been a trespasser, but if we had any doubt upon the subject these findings of the jury would place it at rest.

It is also contended that the deceased was guilty of contributory negligence.   This claim is based largely upon the idea that he was a trespasser; aside from this it is urged that the deceased, by the exercise of proper diligence, could have seen the projecting step and moved to a place of safety.   We do not understand it to be the duty of a person, when rightfully in a place, which under ordinary circumstances is safe, to anticipate danger which arises from the negligence of another.   Ordinary care to avoid ordinary or known danger is the extent of vigilance required.   Upon this subject the jury returned the following special findings:

"Ques. Could Taylor by the exercise of ordinary prudence have seen that there was danger in placing himself between the cars and the wall of the elevator? Ans. No.

"Q.  Could Taylor at the time he saw the train approaching him have gone to the west side of the elevator and been safe from danger?   A. No."

Ordinary care did not require the deceased to anticipate that the defendant would run a car upon this switch-track at a high rate of speed past the chute, between which and the car there was known to be a

space of only a very few inches, without first examining to see if any obstacles existed. He was not bound to act upon a supposition that the chute near which he was standing was about to be negligently torn to pieces and thrown upon him. We think this claim of contributory negligence is not tenable.

The other errors complained of relate to the instructions of the court, but the foregoing conclusions practically dispose of these questions also. We have examined each of these instructions, and are unable to find that any of them is erroneous. The judgment of the district court is affirmed.

All the Justices concurring.